77 F.3d 502
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Sharon CONNELLY, Petitioner,
v.
NUCLEAR REGULATORY COMMISSION, Respondent.
 No. 95-3432.
 United States Court of Appeals, Federal Circuit.
 Jan. 26, 1996.
 
 Before NEWMAN, PLAGER AND CLEVENGER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Petitioner Sharon Connelly was the Director of the Nuclear Regulatory Commission's ("NRC") Office of Inspector and Auditor ("OIA"). On June 20, 1991, the NRC issued a letter of reprimand to Ms. Connelly based upon poor quality work in the conduct of two investigations. The letter has since expired and presumably has been removed from Ms. Connelly's Official Personnel Folder. Notwithstanding the letter's expiration, Ms. Connelly appealed to the Board, asking that the letter of reprimand be rescinded. On December 2, 1994, the Merit Systems Protection Board ("Board") denied Ms. Connelly's request for relief, holding that although Ms. Connelly had made a protected disclosure, and that disclosure was a contributing factor in the agency's decision to reprimand her, the agency would have reprimanded her absent her disclosure.[1] For the reasons below, we affirm the Board's decision.
 
 DISCUSSION
 
 2
 This court will affirm the Board's decision unless it is found to be (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1994).
 
 
 3
 In this case, the NRC reprimanded Ms. Connelly for "poor judgment ... exercised as the Director of the former [OIA] during the OIA investigation of Roger Fortuna and the OIA investigation of James Kelly." The Board found that Ms. Connelly made a protected disclosure regarding the Fortuna investigation, and that said disclosure was a "contributing factor" in the agency's decision to reprimand her. Because this disclosure was a "contributing factor" to the letter of reprimand, Ms. Connelly is protected by the Whistleblower Protection Act, 5 U.S.C. § 1221 (1995). There is substantial evidence to support this view, and we will not upset that finding.
 
 
 4
 Under 5 U.S.C. § 1221(e)(2), Ms. Connelly is not entitled to relief if the NRC demonstrates to the Board, by clear and convincing evidence, that it would have issued the letter of reprimand absent the protected disclosure. The Board noted that in determining whether the agency would have reprimanded appellant absent her protected disclosure, one could simply remove the letter's references to the Fortuna investigation, and rely on the letter's other reasons for disciplining Ms. Connelly. Accordingly, the Board did so, and found, by clear and convincing evidence, that poor quality work with regard to the Kelly investigation was sufficient to support the reprimand. The evidence cited by the Board includes findings by two investigators, and the letter of reprimand itself. Because the Board's decision is supported by substantial evidence, and is neither arbitrary nor capricious, the Board's decision to deny Ms. Connelly corrective action is
 
 
 5
 AFFIRMED.